■ In the Matter of Alexandra C., Respondent-Appellant, v John S., Appellant-Respondent.—In a paternity proceeding, the parties cross-appeal (1) from an order of the Family Court, Suffolk County, dated December 19, 1978, which (a) directed that the father pay, retroactive to May 29, 1976 (the date of the child's birth), the sum of $75 per week as child support, (b) awarded the petitioner the sum of $2,500 for counsel fees and disbursements, and (c) directed that the $2,500 plus the amount awarded as retroactive child support (less any sums already paid on account thereof) were to be paid within 60 days from the date of said order and (2) from stated portions of a further order of the same court, dated February 14, 1979, which, *inter alia,* (a) upon granting petitioner's motion for reargument, adhered to its original determination with respect to the award of counsel fees and (b) denied the father's motion to vacate the award of counsel fees. Appeal from that part of the order dated December 19, 1978, which awarded counsel fees is dismissed as academic. That part of the order was superseded by the February 14, 1979 order. Remaining part of the order dated December 19, 1978 modified by deleting therefrom the provision requiring that the award of retroactive child support be paid within 60 days of the date of said order and substituting therefor a provision directing that the foregoing sum be paid in 52 equal weekly installments. As so modified, order affirmed insofar as reviewed. The 52 weekly installments shall commence on the Friday of the week following the service upon the father of a copy of the order to be entered hereon, with notice of entry thereof. Order dated February 14, 1979 affirmed insofar as appealed from. The petitioner is awarded one bill of $50 costs and disbursements. Although otherwise in agreement with the deter-

mination of the Family Court, we believe that the direction requiring the award of retroactive child support to be paid within 60 days of the December 9, 1978 order was inordinately harsh and constituted an abuse of discretion to the extent indicated herein. Lazer, J. P., Rabin, Gulotta and Shapiro, JJ., concur.